MEMORANDUM **
Gursharan Kaur, a citizen of India, petitions for review of a Board of Immigration Appeals (“BIA”) order affirming the Immigration Judge’s (“IJ”) adverse credibility finding and denial of Kaur’s application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition. Because the parties are familiar with the' facts, we recite them only as necessary.
The IJ did not err by relying on the asylum officer’s notes and testimony because they constituted admissible substantial evidence of what Kaur had said. See Li v. Ashcroft, 378 F.3d 959, 962-63 (9th Cir.2004); cf. Singh v. Gonzales, 403 F.3d 1081 (9th Cir.2005).
Further, there is substantial evidence to support the IJ’s adverse credibility finding. Although the IJ relied on eight discrepancies to find Kaur not credible, the IJ’s finding will be upheld “[s]o long as one of the identified grounds is supported by substantial evidence and goes to the heart of [petitioner’s] claim of persecution.” Wang v. INS, 352 F.3d 1250, 1259 (9th Cir.2003) (emphasis added). Here, three of the grounds on which the IJ relied are supported by substantial evidence.
First, there is substantial evidence to support the IJ’s finding of adverse credibility based on Kaur’s inconsistent statements as to whether she was raped during her second arrest. According to Kaufman’s testimony and notes from Kaur’s asylum interview, Kaur stated an inspector raped her during her second arrest. Before the IJ, however, Kaur testified she was beaten but not raped during her second arrest.
Second, Kaur made inconsistent statements as to the dates she went into hiding. According to Kaufman’s testimony and notes from Kaur’s asylum interview, Kaur went into hiding from January 24, 1996, until March 1997. Before the IJ, however, *30 Kaur testified that she went into hiding from January 1997 to March 1997.
Third, Kaur made inconsistent statements as to the dates of her father’s last arrest. Kaufman testified that Kaur provided three different dates for the date of her father’s last arrest: December 1996, December 1997, and March 15, 1999. When Kaufman asked Kaur why she stated three different dates, Kaur corrected herself and stated her father’s last arrest was in March 1997. Before the IJ, however, Kaur testified that her father was last arrested in December 1996.
All three discrepancies go to the heart of Kaur’s claim because she contends she and her father were persecuted in India because of them religion, and she therefore had to flee. She contends because of her fear that she will continue to be persecuted if she returns, she cannot return. Further, Kaur had an opportunity to explain the discrepancies before the IJ. See Osorio v. INS, 99 F.3d 928, 933 (9th Cir.1996).
PETITION DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.